**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE FUND, PAUL A. MACDONALD, in his official capacity as Executive Director, TEAMSTERS LOCAL 251 UNIFIED TRUST FUND, TEAMSTERS LOCAL 251 TRAINING FUND, and Christine Roy, in her official capacity as Administrator of the Unified Trust and Training Funds, Plaintiffs, | : | |
| v. | : | C.A. No. |
| JOHN ROCCHIO CORPORATION, Defendant. | : | |

**COMPLAINT**

Introduction

1. This is an action to compel payment of contributions, interest, and penalties to an employee welfare benefit plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq.

Parties and Jurisdiction

2. Plaintiff Teamsters Local 251 Health Services and Insurance Plan ("Local 251 HSIP") is a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

3. Plaintiff Teamsters Local 251 Unified Trust Fund ("Unified Trust Fund") is a labor-management committee within the meaning of § 302(c)(9) of the Labor Management Relations Act and a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37)

4. Plaintiff Teamsters Local 251 Training Fund ("Training Fund") is a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

5. Plaintiff Paul A. MacDonald is the Executive Director of Local 251 HSIP.

6. Plaintiff Christine Roy is the administrator of the Unified Trust and Training Funds.

7. Defendant John Rocchio Corporation is a corporation organized under the laws of State of Rhode Island, having its principal place of business in Smithfield, Rhode Island. Defendant has the requisite minimum contacts with the State of Rhode Island.

8. Teamsters Local 251 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

9. Jurisdiction is rested upon ERISA, 29 U.S.C. §1132(e).

Facts

10. Local 251 HSIP was established to provide various types of benefits, including medical, life, and disability, for certain Teamsters Local 251 members and dependents. The Fund is administered by a Board of Trustees consisting of management and union trustees.

11. The Unified Trust Fund was established to identify and expand work opportunities for Teamsters Local 251 members and signatory employers. It is administered by a Board of Trustees consisting of management and union trustees.

12. The Training Fund was established to provide various types of education benefits, including qualified instructors, equipment and educational materials to Teamsters Local 251 members. It is administered by a Board of Trustees consisting of management and union trustees.

13. Local 251 HSIP, Unified Trust Fund and Training Fund (collectively referred to as "the Funds") benefits, as aforesaid, are financed in part by employer contributions. The contribution rate is set by the collective bargaining agreement between Teamsters Local 251 and each employer.

14 The rights and obligations of the Funds and each employer are set forth in the Agreement and Declaration of Trust for each Fund ("Trust Agreements").

15. The Trust Agreements provide, in relevant part, that each employer shall submit timely payroll reports of contributions, promptly pay contributions, and pay penalties and interest when in default.

16. Defendant John Rocchio Corporation is party to a collective bargaining agreement which provides, in relevant part, that it shall comply with the terms of the Trust Agreements as aforesaid.

17. Notwithstanding the aforesaid obligations, Defendant has:

(a) Failed to submit payroll reports to the Funds for the period of September, 2005, through the present;

(b) Failed to submit contributions to the Funds for the period of September, 2005, through the present;

(c) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

18. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1) Award the Funds the following amounts:

a. the unpaid contributions;

b. interest on the unpaid contributions at a rate of 1.5% per month;

c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions; and

d. all costs and reasonable attorneys' fees incurred by the Fund in connection with this action;

(2) Permanently enjoin Defendant from violating its obligations under the terms of its collective bargaining agreements with Teamsters Local Union 251 and the Agreement and Declaration of Trusts to make contributions and reports to the Funds; and

(3) Order such other and further relief as this Court deems just and proper.

Dated: February 17, 2006

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401) 294-4700
Fax (401) 294-4702